IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:11-CR-00252-PK |
|     **Plaintiff-Appellee,** | |
| | OPINION AND ORDER |
| **v.** | |
| **LAWRENCE M. STANFILL,** | |
|     **Defendant-Appellant.** | |

**S. AMANDA MARSHALL**
United States Attorney
**SETH D. URAM**
Assistant United States Attorney
1000 S.W. Third Ave., Ste 600
Portland, OR 97204
(503) 727-1000

    Attorneys for Plaintiff-Appellee

**STEVEN T. WAX**
Federal Public Defender
**THOMAS J. HESTER**
Assistant Federal Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

    Attorneys for Defendant-Appellant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant-Appellant Lawrence M. Stanfill's appeal of his conviction for Assault by Striking, Beating, or Wounding in violation of 18 U.S.C. § 113(a)(4) in a court trial held September 9, 2011, before Magistrate Judge Papak. For the reasons that follow, the Court **AFFIRMS** Defendant's conviction.

## BACKGROUND

On June 28, 2011, Stanfill was charged by Information with Assault by Striking, Beating, or Wounding in violation of 18 U.S.C. § 113(a)(4), a Class B misdemeanor.

On September 2, 2011, Stanfill filed a Demand for Jury Trial. The government opposed Stanfill's request.

On September 9, 2011, Magistrate Judge Papak denied Stanfill's Demand for Jury Trial and, accordingly, tried the case to the Court that same day. The Magistrate Judge found Stanfill guilty of Assault by Striking, Beating, or Wounding. In compliance with the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, the Magistrate Judge sentenced Stanfill to pay $3,468.03 in restitution to the Oregon Crime Services Division for the medical bills paid on behalf of the victim and to pay a $10.00 statutory assessment. The government did not seek nor did the Magistrate Judge impose any imprisonment or supervision.

2 - OPINION AND ORDER

On September 15, 2011, Stanfill filed a Notice of Appeal to the Ninth Circuit.  On September 27, 2011, the Magistrate Judge entered a Judgment and Commitment.  On October 5, 2011, the Ninth Circuit dismissed Stanfill's appeal for lack of jurisdiction "because an appeal of right from a criminal conviction imposed by a Magistrate Judge shall lie to a judge of the district court and must first be brought in the district court before prosecution in the court of appeals."

Pursuant to the schedule set at a conference on November 10, 2011, the parties filed briefs for this Court's consideration, and, on February 21, 2012, the Court heard oral argument and took the matter under advisement.

## STANDARDS

A defendant's entitlement to a jury trial is a question of law reviewed *de novo*.  *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009).

## DISCUSSION

Stanfill appeals his conviction on two grounds: (1) The charge of Assault by Striking, Beating, or Wounding was sufficiently serious in these circumstances to entitle Stanfill to a jury trial under the Sixth Amendment and/or (2) the fact that the MVRA imposes mandatory restitution in this misdemeanor

3 - OPINION AND ORDER

assault case renders this misdemeanor assault similar to a civil judgment and, therefore, Stanfill is entitled to a jury trial under the Seventh Amendment.

**I.   Stanfill has not established he had a right to a jury trial under the Sixth Amendment.**

Although Assault by Striking, Beating, or Wounding is a Class B Misdemeanor punishable by a statutory maximum penalty of six- months imprisonment and a $5,000 fine, the Court is required to order restitution for Assault by Striking, Beating, or Wounding because it is a "crime of violence" under the MVRA.  18 U.S.C. § 3663A(a)(1), (c)(1)(A)(I).

The Sixth Amendment to the United States Constitution provides:  "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const. amend. VI. Nevertheless, "[i]t has long been settled that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision."  *Blanton v. City of N. Las Vegas*, 489 U.S. 538, 541 (1989)(quotation and citations omitted). To determine what crimes are not subject to the jury-trial provision of the Sixth Amendment, courts look to "objective indications of the seriousness with which society regards the offense."  *Id.* (citation omitted).  The Supreme Court has "found the most relevant such criteria is the severity of the maximum authorized penalty."  *Id.*  The Supreme Court has cautioned:

> In fixing the maximum penalty for a crime, a

4 - OPINION AND ORDER

> legislature "include[s] within the definition of the crime itself a judgment about the seriousness of the offense." *Frank, supra*, 395 U.S., at 149, 89 S. Ct., at 1505. The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is "far better equipped to perform the task, and [is] likewise more responsive to changes in attitude and more amenable to the recognition and correction of their misperceptions in this respect." *Landry v. Hoepfner*, 840 F.2d 1201, 1209 (5th Cir. 1988).

*Id*. at 541-42.

The Supreme Court has also made clear that

> [i]n using the word "penalty," we do not refer solely to the maximum prison term authorized for a particular offense. A legislature's view of the seriousness of an offense also is reflected in the other penalties that it attaches to the offense. *See United States v. Jenkins*, 780 F.2d 472, 474, and n. 3 (CA4), *cert. denied*, 476 U.S. 1161, 106 S. Ct. 2283, 90 L.Ed.2d 724 (1986). We thus examine whether the length of the authorized prison term or the seriousness of other punishment is enough in itself to require a jury trial.

*Id*. at 542 (quotation omitted).

Nevertheless, the

> [p]rimary emphasis . . . must be placed on the maximum authorized period of incarceration. Penalties such as probation or a fine may engender a significant infringement of personal freedom, but they cannot approximate in severity the loss of liberty that a prison term entails. Indeed, because incarceration is an intrinsically different form of punishment, it is the most powerful indication whether an offense is serious.

*Id*. In criminal prosecutions when "no maximum penalty is authorized, the severity of the penalty actually imposed is the best indication of the seriousness of the particular offense."

5 - OPINION AND ORDER

*Id*. at n.6 (quotation omitted).  In summary, the Supreme Court found

> it [is] appropriate to presume for purposes of the Sixth Amendment that society views [an offense carrying a maximum prison term of six months or less] as "petty."  A defendant is entitled to a jury trial in such circumstances only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a "serious" one.

*Id*. at 543.

In *Blanton* the defendants were convicted of Driving Under the Influence in violation of Nevada Revised Statute § 484.379(1), which was punishable by a maximum term of six-months imprisonment and a fine up to $1,000.  *Id*. at 539.  The Supreme Court accepted *certiorari* to determine whether the defendants were entitled to a jury trial.  The Court concluded the defendants were not entitled to a jury trial because

> [t]he maximum authorized prison sentence for first-time DUI offenders does not exceed six months.  A presumption therefore exists that the Nevada Legislature views DUI as a "petty" offense for purposes of the Sixth Amendment.
>
> * * *
>
> [And] [a]s for the possible $1,000 fine, it is well below the $5,000 level set by Congress in its most recent definition of a "petty" offense, 18 U.S.C. § 1.

*Id*. at 543-44.

Because Assault by Striking, Beating, or Wounding carries a

6 - OPINION AND ORDER

maximum penalty of six-months imprisonment and a $5,000 fine and triggers mandatory restitution under the MVRA, Stanfill argues the charge is sufficiently serious to entitle him to a jury trial under the Sixth Amendment. As noted, however, the Supreme Court made clear in *Blanton* that when a misdemeanor crime such as Assault by Striking, Beating, or Wounding carries a maximum penalty of up to six-months imprisonment, it creates the presumption that Congress views the crime as a "petty" offense for purposes of the Sixth Amendment. In addition, the maximum fine of $5,000 for Assault by Striking, Beating, or Wounding is at the level set by Congress in its definition of a "petty" offense in 18 U.S.C. § 1. Nevertheless, Stanfill contends the fact that the MVRA allows restitution in a potentially unlimited amount is evidence that there has been a "legislative determination that [Assault by Striking, Beating, or Wounding] is a serious [crime]" meriting a jury trial.

    The Ninth Circuit rejected a similar argument in *United States v. Balleck*, 170 F.3d 871 (9th Cir. 1999). In that case, the defendant was found guilty of willfully failing to pay child support in violation of the Child Support Recovery Act (CSRA), 18 U.S.C. § 228. *Id*. at 873. The district court sentenced the defendant to six-months imprisonment, the maximum time allowed under the statute, and ordered the defendant to pay $56,916.71 in past-due child support as restitution. *Id*. The defendant

7 - OPINION AND ORDER

appealed alleging, among other things, that he was entitled to a jury trial under the Sixth Amendment because "the imposition of restitution exceeding $50,000 should convert an otherwise petty offense into a serious one." *Id*. at 876. The Ninth Circuit concluded the defendant did not have a right to a jury trial. The court noted the Supreme Court's repeated admonition that "by far the most significant factor in determining whether something is a petty offense is the maximum term of imprisonment." *Id*. (citing *United States v. Nachtigal*, 507 U.S. 1, 3 (1993), and *Blanton*, 489 U.S. at 541-41). Accordingly, there was a "very strong presumption" that violation of § 228 of the CSRA was a petty offense. *Balleck*, 170 F.3d at 876.

The Court notes the Ninth Circuit acknowledged in *Balleck* that

> there clearly comes a point where potential punishment other than incarceration may be so severe that the offense will no longer be considered petty. *See, e.g., Twentieth Century Fox Film Corp*., 882 F.2d at 663. This is especially true if the punishment may be imposed *in addition to* a term of imprisonment. At the same time, the possibility of some non-custodial punishment, even in addition to a six-month term of imprisonment, will not change the character of the punishment sufficiently to render the offense serious. The question is how intrusive or severe the additional punishment may be. *See Blanton*, 489 U.S. at 543, 109 S. Ct. 1289. Where the additional punishment could involve the imposition of a very large fine, or a very long period of probation, or the forfeiture of substantial property, the severity of the total punishment may be sufficiently great so as to turn what would otherwise be a petty offense into a serious one.

*Id*. (emphasis in original).  Moreover, the Ninth Circuit distinguished *Balleck* from cases involving a large fine or the forfeiture of substantial property as follows:

> The matter is different, however, where the additional punishment consists of restitution. Restitution does not impose an additional obligation on the defendant; rather, it recognizes the debt he already owes the victim.  This is especially true where, as here, the debt is already liquidated by way of a state-court judgment or decree.  The imposition of a restitution order as part of a federal criminal sentence does cause some additional hardship to the defendant, and gives the victim some additional enforcement mechanisms.  But the additional burden on the defendant is relatively minor, as it merely reinforces his existing moral and legal duty to pay a just debt.

*Id*.  The Ninth Circuit, therefore, held "the possibility that the district court will order restitution, in addition to a six-month maximum sentence, does not turn an otherwise petty offense into a serious one, no matter how large the sum involved," and the defendant "was not entitled to a jury trial."  *Id*.

Stanfill insists *Balleck* also is distinguishable from this case because the restitution ordered in *Balleck* was the result of a debt previously established as owed to the victim through a source other than the proceeding itself (*i.e.,* child support ordered by another court) whereas here imposition of restitution is the result of the proceeding itself.  Although there is a factual difference between this matter and *Balleck,* the Court concludes it is not dispositive.  The restitution imposed in this

matter was to reimburse the Oregon Crime Services Division for medical bills paid on behalf of the victim for injuries caused by Stanfill and does not result in any additional obligation for Stanfill. In addition, the Court notes the Magistrate Judge imposed only a modest restitution obligation - $3,468.03. Although Stanfill points out that there is not any upper limit on the restitution the Magistrate Judge could have imposed, the Supreme Court noted in *Blanton* that when "no maximum penalty is authorized, the severity of the penalty actually imposed is the best indication of the seriousness of the particular offense."

On this record the Court concludes the $3,468.03 in restitution imposed in this case is not sufficiently serious to convert this offense from "petty" to one that triggers the right to a jury trial under the Sixth Amendment.

**II. Stanfill has not established he had a right to a jury trial under the Seventh Amendment.**

The Seventh Amendment secures a party's right to a jury trial in civil rather than criminal cases. *Callan v. Wilson*, 127 U.S. 540, 550 (1888)("the [S]ixth [A]mendment of the [C]onstitution secured to the people of the territories the right of trial by jury in criminal prosecutions . . . [while] the [S]eventh [A]mendment secured to them a like right in civil actions at common law."). *See also In re U.S. Fin. Sec. Litig.*, 609 F.2d 411, 426 n.53 (9th Cir. 1979)("The Supreme Court has used a functional approach in determining the right to jury trial

10 - OPINION AND ORDER

in criminal cases; however, that right is secured by the Sixth rather than the Seventh Amendment."); *Shadden v. Galaza*, No. 1:09-cv-01610-JLT HC, 2011 WL 3925137, at *14 (E.D. Cal. Sept. 7, 2011)("To the extent that Petitioner actually maintains that a violation of his Seventh Amendment right occurred, the argument is specious. As Respondent correctly points out, the Seventh Amendment guarantees the right to a jury trial in civil cases, not criminal ones.").

Nevertheless, Stanfill contends he was entitled to a jury trial under the Seventh Amendment because (1) there is a right to jury trial at common law and/or (2) the MVRA essentially acts to convert a claim for misdemeanor assault into one in which a jury trial is required under the Seventh Amendment.

**A. Right to jury at common law.**

In support of Stanfill's assertion that there is a right to a jury under the Seventh Amendment for Assault by Striking, Beating, or Wounding because there is a right to a jury at common law for assault, Stanfill relies on *United States v. Newberne*, 427 F. Supp. 361 (E.D. Ky. 1977).

In *Newberne* the defendants were charged with assault on a federal reservation in violation of 18 U.S.C. § 113(d), which carried a maximum penalty of six months and/or a fine of $500. The defendants requested a jury trial. The court concluded their offense was "not serious enough to mandate a jury trial either

11 - OPINION AND ORDER

under common law or the Constitution." *Id*. at 361. The court reasoned:

> The right to a trial by jury is guaranteed by Article III, Section 2, Clause 3 and the Sixth Amendment to the Constitution, but that does not extend generally to petty offenses [like the one at issue].
>
> * * *
>
> However, where the petty offense is *malum per se*, it may be serious enough to require a trial by jury. Thus, the Courts have followed a case-by-case basis to determine whether a particular petty offense warrants a jury trial.
>
> * * *
>
> The defendants have cited no cases in support of their contention that they are entitled to a trial by jury on the charges herein. The Court has not found any cases holding that trial by jury is mandated for this particular offense. . . . Therefore, it is necessary for this Court to see if assault as charged here was punishable under common law by jury trial or summarily, for when the Constitution was adopted, it was not intended that cases then tried summarily would be tried with a jury thereafter. *See Cheff v. Schnackenberg, supra* at 379, 86 S.Ct. at 1525. There is no question that assault was a common law crime and *malum per se*. *See Commonwealth v. Remley*, 257 Ky. 209, 77 S.W. 784 (1934).
>
> The question to be resolved is whether under common law it was serious enough to warrant a jury trial. The Supreme Court in *Duncan v. Louisiana, supra*, and the Ninth Circuit in *United States v. Sanchez-Meza, supra*, relied upon an old law review article by Mr. Justice Felix Frankfurter before he went to the Supreme Court, Frankfurter & Corcoran, Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury, 39 Harv.L.Rev. 917 (1926). In that article at 928, it indicates that assaults were indeed triable by a justice without a jury. Therefore, with no authority to the

> contrary, this Court holds that as to this
> particular offense carrying a maximum penalty as
> related, it is not serious enough to mandate a
> jury trial either under common law or the
> Constitution.

*Id.* at 361-62.

*Newberne* is not applicable to this case for three reasons: First, *Newberne* addressed the right to a jury trial under the Sixth Amendment rather than under the Seventh Amendment. Second, *Newberne* was decided before *Blanton* and, therefore, applied an analysis that the Supreme Court made clear in *Blanton* was no longer the proper approach to determine whether an accused was entitled to a jury trial. Finally, even if *Newberne* was a Seventh Amendment case and applied the correct legal analysis, the court ultimately concluded in that case that assault at common law was triable without a jury.

Accordingly, the Court concludes *Newberne* does not support Stanfill's assertion that he is entitled to a jury trial under the Seventh Amendment.

   **B.   MVRA**.

Stanfill also contends the MVRA creates a right to jury trial under the Seventh Amendment for Assault by Striking, Beating, or Wounding because the MVRA mandates the order of restitution, which, in turn "estop[s] the defendant from denying the essential elements of the crime in any subsequent civil proceeding and is enforceable as a lien."

13 - OPINION AND ORDER

The Ninth Circuit rejected that argument as well in *United States v. Dubose*, 146 F.3d 1141 (9th Cir. 1998). In *Dubose* the defendants were convicted of arson and bank robbery in violation of 18 U.S.C. §§ 844(I) and 2113(a). The district court ordered the defendants to pay restitution pursuant to the MVRA. The district court ordered one defendant to pay restitution of $4,510.00 and the other defendant to pay restitution of $121,403.10. The defendants contended on appeal that, among other things, "the Seventh Amendment requires a jury trial prior to imposition of a substantial restitution debt obligation that is enforceable as a civil judgment lien by the victim of a criminal offense." 146 F.3d 1141, 1142 (9th Cir. 1998). The Ninth Circuit rejected the defendants' contention that "by providing for conversion of restitution orders into enforceable civil judgment liens, the MVRA violates the Seventh Amendment's guarantee of trial by Jury." *Id*. at 1147. The Ninth Circuit reasoned:

> Numerous circuit courts of appeal, including this one, rejected the argument that restitution orders under the VWPA - the predecessor statute of the MVRA - were subject to the Seventh Amendment. *See United States v. Keith*, 754 F.2d 1388, 1391-92 (9th Cir. 1985); *United States v. Brown*, 744 F.2d 905, 910 (2d Cir. 1984); *United States v. Florence*, 741 F.2d 1066, 1067-68 (8th Cir. 1984); *United States v. Satterfield*, 743 F.2d 827, 839 (11th Cir. 1984); *United States v. Watchman*, 749 F.2d 616, 617 (10th Cir. 1984). They held that restitution pursuant to the VWPA did not violate the Seventh Amendment's jury trial right because "the victim enforcement provision in the Act does

not transform a sentencing proceeding resulting in a restitution order into an 'action at common law' within the meaning of the seventh amendment." *Keith*, 754 F.2d at 1392.

[I]t is still true under the MVRA, as it was under the VWPA, that "[t]he inclusion of this civil enforcement provision does not transform the restitution order into an action at common law." *Satterfield*, 743 F.2d at 839. In determining that the restitution order was not transformed into a common law suit, the courts that have addressed the issue under the VWPA pointed to several factors. One of these factors was the courts' exercise of judicial discretion in imposing the amount of restitution. *See, e.g., United States v. Palma*, 760 F.2d 475, 479 (3d Cir.1985) ("[I]n ordering restitution, the court must consider the defendant's ability to pay, a factor that would normally be irrelevant in a civil adjudication."). Under the MVRA, however, while judges must impose the full amount of loss as restitution, they have considerable discretion to impose nominal, in-kind, and periodic payments. That courts cannot exercise discretion as to the technical amount of restitution that would theoretically be recovered is of no import.

More broadly, "the procedures for imposing restitution differ . . . from a traditional civil proceeding." *Palma*, 760 F.2d at 479. As under the VWPA, "the [MVRA] victim is limited to recovering certain specified losses." *Id*. Moreover, "[t]he fundamental and obvious difference . . . [between a restitution order and a civil adjudication] is that restitution occurs only after an adjudication of guilt." *Brown*, 744 F.2d at 909.

Finally, civil enforcement of criminal penalties does not transform a restitution order into a common law suit. *See Satterfield*, 743 F.2d at 839. "So long as the restitution provision is a permissible form of punishment, it is not subject to civil requirements simply because it also achieves some of the purposes of a civil judgment. Restitution undoubtedly serves traditional

> purposes of punishment." *United States v. Brown*, 744 F.2d 905, 909.

*Id*. at 1148. The Ninth Circuit, therefore, "reject[ed] defendants' argument that the MVRA violates the Seventh Amendment's guarantee of trial by jury." *Id*. *See also United States v. Keith*, 754 F.2d 1388, 1392 (9th Cir. 1985)("Congress made restitution under the Act a criminal penalty. We agree with the Second, Eighth, Tenth, and Eleventh Circuits that inclusion of the victim enforcement provision in the Act does not transform a sentencing proceeding resulting in a restitution order into an 'action at common law' within the meaning of the seventh amendment.").

Accordingly, the Court concludes Stanfill has not established he had a right to a jury trial under the Seventh Amendment.

In summary, the Court concludes Stanfill has not established he had a right to a jury trial under either the Sixth or Seventh Amendments. The Court, therefore, affirms Stanfill's conviction for Assault by Striking, Beating, or Wounding in violation of 18 U.S.C. § 113(a)(4).

## CONCLUSION

For these reasons, the Court **AFFIRMS** Stanfill's conviction for Assault by Striking, Beating, or Wounding in violation of 18 U.S.C. § 113(a)(4).

16 - OPINION AND ORDER

The court **DIRECTS** the parties to submit **no later than April 18, 2012,** an appropriate form of Judgment or other closing paper so that Defendant may file another Notice of Appeal if he chooses.

IT IS SO ORDERED.

DATED this 11th day of April, 2012.

    /s/ Anna J. Brown
ANNA J. BROWN
United States District Judge